**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 05-1288**

————————

SHARON M. DAVERN,

                                        Plaintiff - Appellant,

        versus

CHARLESTON COUNTY SCHOOL DISTRICT,

                                        Defendant - Appellee,

        and

JUDY SHERMAN; AMORITA ESPIRITU,

                                        Defendants.

————————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CA-03-2217-2-18)

————————

Submitted:  January 19, 2006          Decided:  April 6, 2006

————————

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Chalmers C. Johnson, Charleston, South Carolina, for Appellant.
Alice F. Paylor, Kevin R. Eberle, ROSEN, ROSEN & HAGOOD, L.L.C.,
Charleston, South Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sharon Davern appeals the district court's decision directing a verdict against her on her retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Finding no error, we affirm.

Davern was employed as a teacher by the Charleston County School District from 2001 through 2003. In the fall of 2001, she complained to School District administrators about inappropriate sexual and racist comments made by school employees. Davern alleges that, as a result of her complaint, she suffered harassment and retaliation, culminating in the School District's refusal to renew her employment contract at the end of the 2002-2003 school year.

Davern commenced an action in May 2003 in the Charleston County Court of Common Pleas, seeking damages for violation of Title VII and for breach of contract under South Carolina common law. The School District removed the case to federal court, and it was tried to a jury on February 14-15, 2005. After Davern presented her evidence, the School District moved for a directed verdict on both causes of action. The district court granted a directed verdict on Davern's retaliation claim but allowed her to go forward on the breach-of-contract claim. The jury rendered a verdict in favor of the School District on the remaining breach-of-contract claim.

On appeal, Davern challenges the district court's ruling that there was insufficient evidence to support a retaliation claim. The district court found that none of the School District administrators who might have been responsible for the decision to terminate Davern's employment -- the Principal and Assistant Principal, as well as the School District's Associate Superintendent -- had any knowledge of her complaint and so could not have acted in retaliation for her filing of it.

Davern notes that a School District investigation of her complaint included a statement by her Principal denying any knowledge of racial discrimination at her school. Davern contends that the Principal's denial demonstrates that she had knowledge of Davern's complaint. But the evidence does not support that inference. The Principal had stated that she was unaware that anyone had uttered "racial slurs." This does not demonstrate that the Principal knew that Davern, or anyone else, had filed a complaint alleging discriminatory activity.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED